PAUL E. THOMAS

*vs.*

HANES GIBSON

Knox.   Opinion, June 8, 1949.

*Charles E. Perry,* for plaintiff.

*Jerome C. Burrows,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

MERRILL, J.   This is an action for assault and battery brought by the plaintiff, an operator of a truck upon the highway, against the defendant, who is a member of the State Highway Police.   The defendant had stopped the plaintiff upon the highway to make a routine check of a panel truck which was being operated by the plaintiff.   Up-

on examination of the plaintiff's registration certificate, the officer found that the truck was registered as a tractor and claimed that the truck was improperly registered. The plaintiff claimed that it was properly registered as a tractor because of certain welding equipment which was built into the truck. This welding equipment could not be seen without opening the rear doors of the truck. A dispute arose between the plaintiff and the defendant as to whether the officer should open the doors or whether the plaintiff would get out of the truck and open them. During the altercation the plaintiff alleged that the officer caught hold of his arm, attempted to remove him from the truck and threatened personal violence unless he got out and opened the doors. The plaintiff also testified that the officer used profane language towards him. He admitted that he in turn may have used profane language towards the officer. There was no evidence to show that any physical injury was inflicted by the officer upon the plaintiff, or that the plaintiff was in any way incapacitated from pursuing his ordinary vocation as a result of what took place. The plaintiff, however, did testify that he had not been well and had been doctoring for a period of five or ten years, but worked all the time. He further testified that the occurrence "upset me quite a lot. My nerves kind of went to pieces and I went to see a doctor to get some pills to calm me down. Things do upset me quite easily."

The jury rendered a verdict in favor of the plaintiff in the sum of five hundred dollars. The defendant filed a general motion addressed to this court to have the verdict set aside. At argument before us, he waived all grounds for his motion except that the damages were excessive.

The damages awarded by the jury cannot be justified on any rational basis. They can only be explained as the result either of sympathy for the plaintiff or prejudice against the defendant, and in either event, an entire disregard of applicable law in arriving at the sum awarded.

Scrupulously regarding all the elements of damage applicable to this case as disclosed by the record, the verdict was manifestly excessive and we must order a new trial unless the plaintiff remits all of the verdict in excess of fifty dollars, and the order is

> *If the plaintiff, within sixty days after the certificate of decision is received by the clerk, shall remit all of the verdict in excess of $50.00, motion overruled; otherwise, motion sustained.*